USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Altagracio De La Cruz,

               Petitioner,

—v—

Department of Homeland Security,

               Respondent.

20-cv-02219 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Petitioner moves pursuant to 28 U.S.C. § 2241 for the Court to release him from ICE detention and stay his removal from the United States pending the outcome of related immigration proceedings. Because Petitioner has been deported since filing his petition, the petition is dismissed as moot.

### I.    Background

    According to Respondent, Petitioner is a native citizen of the Dominican Republic who has allegedly entered and reentered the United States unlawfully four times in the past three decades. Dkt. No. 13 at 2-6. After each of his first three entries or reentries, he was arrested by federal or state authorities for and convicted of criminal offenses, and then was subsequently deported. *Id.*

    After his most recent reentry into the United States, Petitioner was arrested by Immigration and Customs Enforcement (ICE) on March 6, 2020 for illegal reentry into the United States and his prior removal order was reinstated. *Id.* at 4. Petitioner then informed ICE that he could not return to the Dominican Republic for reasons related to his safety or well-being,

which caused ICE to schedule a "reasonable-fear interview" with an asylum officer from the U.S. Citizenship and Immigration Services. *Id*. The purpose of such interview would be to assess whether Petitioner should be placed in limited proceedings before an Immigration Judge who would determine whether Petitioner is eligible for withholding or deferral of removal to the Dominican Republic. *Id*.

On March 12, 2020, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. Dkt. No. 1. In his petition, he requested that he be released from detention pending the resolution of the asylum issue and other immigration proceedings and that the Court stay his deportation. *Id*. Respondent filed an opposition to the petition on May 19, 2021, arguing against a stay of removal on the grounds that it is unnecessary (as he cannot be removed during the asylum-seeking process in any event), that the Court lacks jurisdiction for removal, and that even if the Court did not lack jurisdiction, the stay request should be denied on the merits. Dkt. No. 13. Respondent also argued that Petitioner's detention was properly authorized and appropriate. *Id*.

On May 22, 2020, Respondent filed a letter explaining that Petitioner "withdrew his request for a reasonable-fear determination at his May 19 interview" with the asylum officer from U.S. Citizenship and Immigration Services, and therefore that ICE was proceeding with plans for Petitioner's removal to the Dominican Republic. Dkt. No. 18. Respondent attached to the letter Petitioner's Withdrawal of Request for Reasonable-Fear Determination, signed by Petitioner. *Id*. Respondent also attached a transcript of Petitioner's conversation with an asylum officer in which Petitioner confirmed his intention to withdraw the request and acknowledged that this meant he would be deported to the Dominican Republic. *Id*. On June 17, 2020, Respondent filed a letter informing the Court that Petitioner was removed from the United States

on June 2, 2020.  Dkt. No. 19.  Respondent requested that Petitioner's habeas petition therefore be denied as moot.  *Id.*

## II.     Discussion

A case "becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Murphy v. Hunt*, 455 U.S. 478, 481 (1982), at which point "the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the action," *New York City Employees' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992).  In the context of immigration habeas cases, if a petitioner challenges his or her detention under 28 U.S.C. § 2241 but is subsequently removed, the petition becomes moot because the petitioner is no longer in custody.  *See Diop v. Sessions,* No. 1:18-CV-08245 (ALC), 2019 WL 1894387, at *2 (S.D.N.Y. Mar. 20, 2019); *Alexander v. Shanahan*, No. 16-CV-5629 (RA), 2017 WL 959493, at *1 (S.D.N.Y. Mar. 1, 2017); *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012); *Karamoke v. U.S. Homeland Sec.*, No. 09CIV.4089(GBD)(JCF), 2009 WL 2575886, at *3 (S.D.N.Y. Aug. 20, 2009).  *See also Pierrilus v. U.S. Immigration & Customs Enf't,* 293 F. App'x 78, 79 (2d Cir. 2008) ("Under 28 U.S.C. § 2241, the habeas statute under which petitioner challenged his detention, we retain jurisdiction so long as the petitioner is in custody.") (internal quotations omitted).

Here, the relief requested from Petitioner was for the Court to stay his removal proceedings and release him from detention.  Dkt. No. 1.  As Petitioner is no longer in ICE's custody, his request to be released from detention is moot.  *See Karamoke*, 2009 WL 2575886, at *3 ("[W]hen a habeas petitioner challenges solely his detention but is subsequently released prior to removal, courts routinely dismiss the petition as moot.").  And because Petitioner has already

3

been deported, his request to stay his removal is moot as well. *See Vasquez v. United States*, No. 15 CV 3946 JGK, 2015 WL 4619805, at *1 (S.D.N.Y. Aug. 3, 2015). His petition is therefore dismissed.

### III. Conclusion

For the reasons described in this Opinion & Order, Petitioner's petition is dismissed as moot. This resolves Dkt. No. 1. Since Petitioner "has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *See, e.g., Perez v. United States*, No. 04-cv-7148 (JSR), 2007 WL 685949, at* 1 (S.D.N.Y Jan. 29, 2007) (citing 28 U.S.C. § 2253). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in form a pauperis status is denied for the purpose of an appeal. *See Coppedge v United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk is respectfully directed to close the case.

SO ORDERED.

Dated: February 8, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge